# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE PIEGARO<br>on behalf of himself and the putative class,<br><br>Plaintiffs,<br><br>v.<br><br>BALLY TOTAL FITNESS HOLDING CORP., et al.<br><br>Defendants. | Civil Action No. 12-4595 (PGS)<br><br>**MEMORANDUM AND ORDER** |

SHERIDAN, U.S.D.J.

This matter is before the Court on a motion to enter final judgment in favor of Defendants, L.A. Fitness International, LLC (n/k/a Fitness International, LLC and Fitness International, LLC (n/k/a Fitness & Sports Clubs, LLC) (hereinafter "L.A. Fitness") pursuant to Fed. R. Civ. P. 54(b). For the following reasons, the Court denies the motion.

Generally a Rule 54(b) motion concerns an application by a single party, in a suit where there are multiple parties, requesting that the Court enter a final judgment in favor of that single party while the remainder of the suit against all other defendants is ongoing. Historically, Courts have been reluctant to permit same because it leads to "piecemeal disposal of litigation" that is "inefficient and uneconomical." Federal Practice and Procedures, Vol. 12B, pp. 912-916 (2008). As a result, Rule 54(b) allows the District Court to act as a "dispatcher" and allow such final judgments so long as three criteria are met. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). The three criteria are (1) multiple claims or parties are fully resolved; (2) no just cause for delay exists; and 3) there must be an entry of judgment. Usually, Rule 54(b) tests the

separability of claims, and "asks whether that claim so overlaps the claims that remain for trial such that an appeal of the case on the retained claims would compel the court to retrace the same ground it would have addressed had the first claim received a 54(b) determination; if so, then the Rule 54(b) determination must be denied." Federal Practice and Procedure, Vol. 12B, p. 914 (2008).

Here there are the overlapping facts. Most notably, the relationship between Defendants Bally Total Fitness Holding Corp. ("Bally") and L.A. Fitness emanates from a bankruptcy proceeding that occurred in August 2009. At that time, the Bankruptcy Court prohibited members of Bally from prosecuting any claim involving any member's right to lifetime membership. (T. 5, 6-12)[1]. Subsequently, in November, 2011, L.A. Fitness, relying on the Bankruptcy Order, acquired a portion of Bally's facilities, plus some of its members. (T. 5, 12-16). This arrangement is enumerated within an Asset Purchase Agreement executed by Bally and L.A. Fitness. (T. 5, 16-20). Under the Asset Purchase Agreement, real estate, leases and some assumed contracts (including membership rights) were transferred from Bally (T. 5, 17-18).

Although the claims in this case against Bally and L.A. Fitness are arguably different, the Asset Purchase Agreement and the Order of the Bankruptcy Court are the root of all of the issues, and the interpretation of them is likely to be the source of any appeal for both defendants. Therefore, Rule 54(b) certification is inappropriate here due to the overlapping facts and relationships which would require the Third Circuit to retrace its steps if two separate appeals occur. Id. at 914-915. To enter a final judgment now in favor of L.A. Fitness is an inefficient way to proceed.

---

[1] Transcript of Bankruptcy Court

ORDER

For the reasons set forth above,

IT IS on this 15th of January, 2014;

ORDERED that the motion to enter final judgment of no cause of action in favor of Defendants, L.A. Fitness International, LLC (n/k/a Fitness International, LLC and Fitness International, LLC (n/k/a Fitness & Sports Clubs, LLC) pursuant to Fed. R. Civ. P. 54(b) (ECF 47) is denied.

                                      *s/Peter G. Sheridan*
                                      PETER G. SHERIDAN, U.S.D.J.